(No. 1902—

VERNE FIEDLER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 1, 1937.*

CLARENCE B. DAVIS, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on August 5th, 1931 claimant was a member of Troop G, 106th Cavalry, Illinois National Guard, and on that date, while his Company was at Camp Grant, and while he was participating in troop maneuvers, claimant was thrown from his horse and sustained injuries to his left ankle. He was immediately taken to the field hospital at Camp Grant, and shortly thereafter was taken to St. Anthony's Hospital at Rockford, where a cast was applied to his foot and the lower part of his leg. He was returned to the field hospital the next day, and remained at such hospital until his troop returned home, about ten days thereafter. Upon his return home claimant was placed under the care of Dr. Lockie, one of the medical officers of the National Guard, who continued to treat him for his injuries. Claimant saw Dr. Lockie several times a week for the first three months after his injury and thereafter every month or two until about a year after the accident. The testimony indicated that the cast was not properly applied in the first instance, but same was not entirely removed until about seven weeks after the accident. During the time the cast was on his leg, claimant moved about

with the aid of crutches; after the cast was removed he used a cane until about November 1st, 1931.

Claimant was eighteen years of age at the time of the accident and had attended high school during the school year prior to his injury, but had worked during the preceding year. He started back to school again at the opening of school after his injury, but on account of difficulty in carrying books, getting up and downstairs on crutches, and otherwise moving about, he quit after about a week. His condition was such that he could have attended school at the opening of the February, 1932, semester, but other reasons prevented him from doing so, and he did not thereafter return to school.

A Board of Medical Examiners was convened at Hines Hospital on November 10th, 1931 to consider claimant's case, and such Board made the following findings:

"An examination of the left ankle reveals a slight enlargement of both the internal and external mallcoli, particularly the internal. There is slight soft tissue thickening over the ankle but not sufficient to pit from pressure. The patient dorsal flexes the left ankle to a normal range. Plantar flexion is limited very slightly in the extreme. Abduction and adduction (turning out and in of ankle) of the left ankle is possible to one-half of the normal range. There is no actual shortening of the left lower extremity. No atrophy of the muscles. One-half inch increase in the circumference of the left ankle as compared with the right. The longitudinal arches of both feet are depressed to the second degree with pronation. The toes are normal. The condition of the arches does not produce symptoms at this time.

"Functionally, the results of the treatment are good; patient has no permanent residual disability. No further treatment is indicated for this condition. Diagnosis: Fracture Left Astragulus, Recent, Healed.

"Recommendations: It is the opinion of the Board that this patient's ankle now has reached the point where the soldier can resume his regular employment."

Claimant did not procure regular employment until a year and a half or two years had elapsed from the date of the injury, but the evidence does not show that the failure to procure employment resulted wholly from his physical condition.

He is now employed as a musician, and testified that his foot still bothers him, particularly after strenuous exercise or after walking several miles.

Dr. Lockie died prior to the taking of testimony herein, and no record of his treatment or findings is in evidence.

Doctor bills in the amount of $48.00 were paid by the respondent, and claimant was also paid $178.00 for approxi-

mately three months' compensation pursuant to the provisions of Section 10 of Article 16 of the Illinois Military and Naval Code.

Section 11 of Article 16 of the Military and Naval Code of this State provides that in every case where an officer or enlisted man of the National Guard shall be injured while performing his duty in pursuance of orders from the Commander-in-Chief, such officer or enlisted man shall have a claim against the State for financial help and assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand.

Claimant was injured while performing his duty in pursuance of orders from the Commander-in-Chief, and therefore has a claim against the State for financial help or assistance, and the only question for this court to determine is the question as to whether claimant has already been fully compensated for the injuries so sustained by him, or whether the merits of the case entitled him to further compensation.

Under all of the evidence, we feel that the injury sustained by claimant, the disability resulting therefrom, and the resulting loss of wages, entitle him to additional compensation, and in our judgment the payment of an additional sum of Three Hundred Dollars ($300.00) will fully compensate him therefor.

Award is therefore entered in favor of the claimant for the sum of Three Hundred Dollars ($300.00).